UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMES J. POLIDORO,** | Civ. No. 2:11-cv-01306 (KM) (JAD) |
| **Plaintiff,** | |
| v. | **MEMORANDUM OPINION & ORDER** |
| **NEUROLOGY & PAIN TREATMENT CENTER, P.C.** and **MARIA R. ALVAREZ-PRIETO, M.D.,** | |
| **Defendants.** | |

**MCNULTY**, District Judge

Plaintiff James J. Polidoro moved for an Order Entering Default Judgment against Defendants Neurology & Pain Treatment Center, P.C. and Dr. Maria Alvarez-Prieto pursuant to Fed. R. Civ. P. 55. For the following reasons, Plaintiff's motion is **DENIED**.

This is Plaintiff's second attempt to obtain a default judgment in this action. On August 8, 2011, Plaintiff requested the entry of default. *See* Docket No. 8. The Clerk of the Court entered default the next day. Obtaining a default judgment, however, is a two-step process. After the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is for a sum certain, or (2) applying to the Court. Fed. R.

1

Civ. P. 55(b). Plaintiff applied to the Court for a default judgment. In a written opinion dated January 26, 2012, Judge Cavanaugh found that Plaintiff had failed to satisfy the requirements for the entry of a default judgment. *See* Docket No. 11. In denying Plaintiff's application for default judgment Judge Cavanaugh directed the Clerk of the Court to "**vacate the entry of default.**" *Id.* at 3 (emphasis added).

On March 20, 2012, Plaintiff again moved for entry of a default judgment against the Defendants. *See* Docket No. 14. Plaintiff's attorney, Alyson E. Galusha, filed a certification in support of the motion declaring that "Default was entered by the Court on August 9, 2011." *Id.* (Galusha Cert. ¶ 7.) Thereafter, on March 29, 2012, Anthony M. Juliano, Esq. filed a Notice of Appearance on behalf of the Defendants. On April 2, 2012, Defendants filed a cross-motion to vacate entry of default and requesting permission to file an answer. *See* Docket No. 16.

Counsel for both Plaintiff and the Defendants appear to disregard the fact that Judge Cavanaugh's Opinion and Order vacated the August 9, 2011 entry of default. Ms. Galusha's declaration refers to the Clerk of the Court's August 9, 2011, entry of default without mentioning that the entry of default had been vacated. Moreover, Defendants' cross-motion asks the court to vacate that entry of default, which had already been vacated.

Additionally, even if Plaintiff's application were entirely proper this Court would still have discretion as to whether or not to grant a judgment by default. Fed. R. Civ. P. 55(b)(2); *see Hritz v. Woma,* 732 F.2d 1178, 1180 (3d Cir. 1984). Because default judgment prevents a plaintiff's claims from being decided on the merits, "this court does not favor entry of defaults or default judgments." *United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher,* 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar.14, 2006) (citing Charles A. Wright, 10A Federal Practice and Procedure § 2688, at 58–59, 63 (3d ed.1998)).

Here, as noted above, a default judgment would be improper because there is no currently valid default entered by the Clerk of the Court. Moreover, Defendants have now appeared in this action and are prepared to contest the merits of Plaintiff's claims. Additionally, as outlined in the Order to Show Cause filed contemporaneously with this Opinion and Order, this Court is not satisfied that it has subject matter jurisdiction over this action.

For the foregoing reasons, Plaintiff's motion for default judgment is hereby **DENIED**. Defendants' cross-motion to vacate and to permit filing

3

of a responsive pleading is **DENIED** as moot. If Plaintiff files an amended complaint setting forth a proper basis for subject matter jurisdiction, Defendants may respond in due course.

*[signature]*
_____
**KEVIN MCNULTY, U.S.D.J.**