UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES J. POLIDORO,<br><br>Plaintiff,<br><br>v.<br><br>MARIA R. ALVAREZ-PRIETO, M.D. and NEUROLOGY & PAIN TREATMENT CENTER, P.C.,<br><br>Defendants. | Civ. No. 2:11-01306<br>(KM)(MAH)<br><br>MEMORANDUM OPINION |

**MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of the Defendants, Maria R. Alvarez-Prieto and Neurology & Pain Treatment Center, P.C., to dismiss the Second Amended Complaint ("SAC") for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Because I find that the Plaintiff, James J. Polidoro, has failed to establish that subject matter jurisdiction exists, I will dismiss the Complaint. This dismissal is, however, without prejudice to restoration if Plaintiff, within 60 days, submits sufficient evidence that he was a citizen of New York on March 8, 2011 when this action was filed.

**I. Background**

The Plaintiff's SAC brings claims for breach of contract, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress against Dr. Maria R. Alvarez-Prieto and the Neurology and Pain Treatment Center, P.C. SAC (Docket No. 21) ¶¶ 31 – 58. These claims relate to the alleged

1

failure of Dr. Alvarez-Prieto to testify as an expert witness in a personal injury suit brought by the Plaintiff regarding a 2003 car accident.

Polidoro alleges that he received significant injuries in a car accident in Belleville, New Jersey on July 4, 2003. *Id.* ¶¶ 10 – 11. His injuries included "closed head injury," loss of hearing in his left ear, sinus fracture, ocular paralysis, TMJ dysfunction, thoracic herniation, lumbar herniation, and "circle damage." *Id.* ¶ 11. He also alleges that he can no longer work and is preparing to file for permanent disability. *Id.*

Polidoro brought a case against the other driver, Shah Deen, for his injuries. *Id.* ¶¶ 10, 12. His treating physician, Dr. Enrique Hernandez, was to testify as the "lead expert witness" for the trial, but left practice in 2008 on disability. *Id.* ¶ 14. Dr. Hernandez's wife, Alvarez-Prieto, took over his practice. *Id.* ¶ 15. Polidoro alleges that it was then necessary to obtain a re-evaluation and substitute Alvarez-Prieto as the lead expert witness for his trial. *Id.*

Polidoro alleges that that Alvarez-Prieto agreed to be his "takeover neurologist and expert witness." *Id.* ¶ 16. She allegedly received $500 at the time of the re-evaluation and agreed to a $3,000 fee payable on the day of trial. *Id.* Alvarez-Prieto created a re-evaluation report for Polidoro on June 5, 2008, approximately 90 days before the initial scheduled trial date. *Id.*

The trial date was adjourned to March 9, 2009 after Polidoro obtained new counsel. *Id.* ¶ 18. On the date of trial, counsel appeared before the trial judge but Alvarez-Prieto was not in attendance. *Id.* ¶ 22. The trial judge was not willing to adjourn the matter further or allow Polidoro to retain a new expert. *Id.* Polidoro alleges that Alvarez-Prieto stated that she "picks and chooses who she testifies for and that she didn't have the time," for his case. *Id.* ¶ 23.

Polidoro asserts that Alvarez-Prieto had a fiduciary duty to him and a contractual obligation to appear as an expert witness at the trial. *Id.* ¶ 24. His

SAC brings counts against Dr. Alvarez-Prieto and her practice, Neurology & Pain Treatment Center, P.C., for breach of express contract (Count 1), breach of implied contract (Count 2), fraud (Count 3), intentional infliction of emotional distress (Count 4), and negligent infliction of emotional distress (Count 5). *Id.* ¶¶ 31 – 58.

The parties agree that, at the time of the accident in 2003, Polidoro was a citizen of New Jersey, having his domicile in Bloomfield. Police Report (Docket No. 23-4), Exh. A.

The original Complaint was filed on March 8, 2011, and the case was assigned to District Judge Dennis M. Cavanaugh. (Docket No. 1). In that Complaint, the Plaintiff *pro se* alleged claims against Alvarez-Prieto and Dr. Ivan R. Dressner. *See id.* The Complaint listed Polidoro's addresses as follows:

> James J. Polidoro
> 25 Bay Terrace, Unit 1C
> Staten Island, NY 10306
> (973) 449-1900
>
> **Mailing Address**:
> C/O Susan Onofrietto
> 408 Fairfield Road
> Fairfield, NJ 07004

*Id.* Ms. Onofrietto, at the Fairfield address, is Plaintiff's mother. Polidoro Decl. (Docket No. 24-2) ¶ 9. The Complaint purported to base jurisdiction on "diversity of residence" and alleged damages in excess of $75,000. Compl. ¶ 1.

An Amended Complaint was filed on May 26, 2011, dropping Dressner from the complaint and adding the Neurology & Pain Treatment Center as a Defendant. (Docket No. 3). The Amended Complaint listed Polidoro's addresses as in the original complaint:

3

> James J. Polidoro
> 25 Bay Terrace, Unit 1C
> Staten Island, NY 10306
> (973) 449-1900
>
> **Mailing Address**:
> C/O Susan Onofrietto
> 408 Fairfield Road
> Fairfield, NJ 07004

*Id.* The Amended Complaint also purported to base jurisdiction on "diversity of residence." *Id.* ¶ 3.

On July 20, 2011, Polidoro filed a change of address with the Court. He stated that his new permanent residence was at the Fairfield, NJ address. (Docket No. 6).

Polidoro requested the entry of default and default was entered on August 9, 2011. (Docket No. 8). Judge Cavanaugh vacated the entry of default on January 26, 2012. (Docket No. 11). Polidoro obtained counsel who entered a substitution of attorney on March 1, 2012. (Docket No. 12). Polidoro then filed a motion for entry of default judgment on March 20, 2012 and the Defendants cross-moved to vacate the entry of default judgment on April 2, 2012. (Docket Nos. 14, 16). The case was reassigned to me on August 2, 2012. (Docket No. 17). I denied the motion for default judgment and denied as moot the cross-motion to vacate on September 12, 2012. (Docket No. 19).

That same day I issued an Order to Show Cause ("OTSC") ordering the Plaintiff to show why subject matter jurisdiction existed because the Complaint did not properly allege the citizenship of the parties. (Docket No. 18). The Plaintiff's brief in response addressed the citizenship of the Defendants but not of the Plaintiff. (Docket No. 20). No further action was taken on the OTSC.

The Plaintiff, however, filed a Second Amended Complaint ("SAC") on November 6, 2011. (Docket No. 21). The SAC asserts that jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. SAC ¶ 4.[1]

On December 5, 2012, The Defendants then filed this motion to dismiss the SAC for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). (Docket No. 23).

## II. DISCUSSION

The Defendants bring their motion on the basis of lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). The Plaintiff has the burden of establishing that subject matter jurisdiction exists. *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Rule 12(b)(1) challenges may be either facial or factual attacks. See 2 MOORE'S FEDERAL PRACTICE § 12.30[4] (3d ed. 2007); *Mortensen*, 549 F.2d at 891 (3d Cir. 1977). A facial challenge asserts that the complaint does not allege sufficient grounds to establish subject matter jurisdiction. *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999). A court considering such a facial challenge assumes that the allegations in the complaint are true, and may dismiss the complaint only if it nevertheless appears that the plaintiff will not be able to assert a colorable claim of subject matter jurisdiction. *Cardio–Med. Assoc., Ltd. v. Crozer–Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983); *Iwanowa*, 67 F. Supp. 2d at 438. A factual challenge, however, attacks subject-matter jurisdiction by challenging the truth (or completeness) of the jurisdictional allegations set forth in the complaint. *Mortensen*, 549 F.2d at 891. Thus a factual jurisdictional proceeding may not occur until the plaintiff's allegations have been

---

[1] The SAC also states that jurisdiction is invoked pursuant to "42 U.S.C. § 12117 and 28 U.S.C. §§ 1331, 1332, 1342(a)(4)." SAC ¶ 1. However the SAC does not plead any federal causes of action from which federal question jurisdiction would arise, including any civil rights violations pursuant to 28 U.S.C. § 1342(a)(4). *See* 28 U.S.C. § 1331. In addition, Polidoro's Opposition does not assert any bases for jurisdiction other than diversity of citizenship. *See* Docket No. 24.

5

controverted. *Id.* at 891 n. 17. In a factual challenge, the Court may consider evidence outside the pleadings. *See United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d. Cir. 2007) (citing *Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1997); *Mortenson v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

The Defendants' motion, which includes factual material extraneous to the SAC, is a factual attack on the Court's subject matter jurisdiction. Def. Br. (Docket No. 23-2) at 2. There is no federal question pleaded that would otherwise give the Court jurisdiction. *See* 28 U.S.C. § 1331. Diversity jurisdiction is the only basis for the Court's subject matter jurisdiction. *See* 28 U.S.C. § 1332. For diversity jurisdiction to exist, the Parties must be completely diverse at the time of filing. *Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570 (2004). As to an individual, "citizenship" is equivalent to domicile, *i.e.*, the individual's "true, fixed and permanent home and place of habitation." *McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (citing *Vlandis v. Kline*, 412 U.S. 441, 454, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973)).

The SAC alleges that the Plaintiff is a citizen of New York and the Defendants are citizens of New Jersey. SAC ¶¶ 5 – 7. Polidoro did not submit any additional evidence of his citizenship in response to the OTSC. The Defendants argue that Polidoro has failed to meet his burden of establishing that diversity jurisdiction exists because he has not produced evidence that he is a citizen of New York. Def. Br. at 2.

In support of their motion to dismiss, the Defendants submitted a certification of counsel with supporting exhibits. *See* Docket No 23-3 – 23-8. Defendants first point out that, as established above, the May 2011 Amended Complaint listed both a Staten Island, New York address and a Fairfield, New Jersey "mailing address" for Polidoro. Roberts Certif. (Docket No. 23-3) ¶ 6. Defendants attach copies of November 2011 correspondence between Polidoro

6

and defense counsel that was mailed to Polidoro at the Fairfield, New Jersey address, at Polidoro's direction. *Id.* ¶ 9; Letter (Docket No. 23-5), Exh. B.

In his Opposition Brief, Polidoro again asserted that he was a citizen of New York and that up until the filing of this suit he lived at the Staten Island address stated in the SAC. Opp. (Docket No. 24) at 1. Polidoro does not dispute that he lived in New Jersey at the time of the 2003 car accident causing his injuries. Opp. at 5. He asserts he moved to the Staten Island address in 2006; lived there when the original and amended complaints were filed in March/May 2011; and continued to live there until August 2011. *Id.* In support of his Opposition, Polidoro attached copies of utility bills from December 2008 through July 2009 and January 2009 through July 2009 showing the Staten Island address. *Id.* at 2; Exhs. A, B (Docket No. 24-2). Polidoro also attached a copy of a New York identification card issued on February 12, 2009. Exh. C (Docket No. 24-2). He does not explain the reason for the two addresses or his reasons for receiving his mail in New Jersey despite claiming a New York domicile.

While the records submitted by the Plaintiff tend to suggest that he lived in New York in 2008 and 2009, they do not bear on whether he lived in New York when the original Complaint was filed in March 2011. Moreover, the dual addresses, and Polidoro's insistence on continuing to receive his mail in New Jersey, tend to cut against the conclusion that he had a New York domicile.

Frankly, neither party's showing is very convincing. Polidoro argues that the Defendants have failed to put forth any evidence showing that he did *not* live in Staten Island in March 2011. Opp. at 5. But the burden of showing that the Parties are diverse, *i.e.,* that Polidoro was a citizen of New York, is on the Plaintiff, not on the Defendant. *Mortensen,* 549 F.2d at 891. Despite multiple opportunities, Polidoro has not introduced any evidence, in response to the OTSC or to this motion to dismiss, showing that he lived in New York at the time of filing. Therefore, the Plaintiff has failed to meet his burden of proof that

7

subject matter jurisdiction exists and, on the current record, this action must be dismissed pursuant to Rule 12(b)(1). There has been no discovery, however, and Polidoro has indicated that evidence of New York citizenship in 2011 may be obtainable from utility companies. Polidoro Decl. ¶ 10. Further evidence—a driver's license for example--should be available if Polidoro's New York domicile was bona fide.

Out of caution, then, I will not enter a final order of dismissal. I will dismiss the action without prejudice to reinstatement if Plaintiff submits within 60 days adequate evidence of his New York citizenship as of March 8, 2011. If appropriate, I will at that time address the need for jurisdictional discovery or an evidentiary hearing as to jurisdiction. If there is no response or no adequate response from Plaintiff, this dismissal will become final.

### III. CONCLUSION

On the current record, the Plaintiff has not met his burden of establishing subject matter jurisdiction. Therefore, the action is **DISMISSED.** This dismissal is subject to Plaintiff's submission of adequate evidence of New York citizenship within 60 days. Should Plaintiff fail to do so, this dismissal will become final.

An Order will be entered in accordance with this Opinion.

Dated: January 7, 2014

Hon. Kevin McNulty
**United States District Judge**